# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

PATRICIA A. HILL,                             Case No. 09-18922-RGM
                                              (Chapter 7)

      Debtor.

## MEMORANDUM OPINION AND ORDER

THIS CASE was before the court on February 28, 2012, on the trustee's objection to proof of claim number 14 of Iris Darling. The trustee previously objected to proof of claim number 14 on the grounds that it was not a priority claim. The objection was sustained and the claim was allowed as an unsecured claim. (Docket Entry 48). The trustee has now filed a second objection on the basis that the claim is late filed. The trustee has not asked for reconsideration of the prior order. *See* 11 U.S.C. §502(j) which provides:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case.

*See* also Fed.R.Bankr.P. 3008. In these circumstances, the trustee's objection will be overruled.

The court notes that in chapter 7, there is no basis to object to a proof of claim based on timeliness. Distribution of property of the estate is governed by 11 U.S.C. §726. Tardily filed claims are allowed and are paid, but only after timely proofs of claims are paid in full. 11 U.S.C. §726(a)(3). In some circumstances, a timely filed proof of claim will be paid as though it were timely filed. This will occur if the creditor that holds the claim did not have notice or actual knowledge of the case in time for timely filing a proof of the claim and the proof of claim is filed in time to permit payment. 11 U.S.C. §726(a)(2)(C).

1

The appropriate procedure in this case is for the trustee to file his final report and schedule Ms. Darling's claim to be paid in the manner he believes appropriate under the circumstances. The report may be reviewed by the creditor who may object to the final report if the claim is not in the appropriate category.

Ms. Darling should be aware that in most instances, an untimely proof of claim does not receive any distribution because there are not enough assets to pay all timely proofs of claim in full. At this point, the court is unaware of the amount of money to be distributed or the claims to be paid.

For the foregoing reasons, it is

ORDERED:

1. The trustee's objection to proof of claim number 4 of Iris Darling is overruled.

2. The trustee shall serve a complete copy of his final report together with a notice thereof on Ms. Darling no later than when it is filed with the court. Ms. Darling may object to the report if it is not appropriate.

DONE at Alexandria, Virginia, this 1st day of March, 2012.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Jeffrey A. Vogelman
H. Jason Gold
Alexander M. Laughlin

17557

Copy mailed to:

Iris Darling
P. O Box 149
Seward, Alaska 99664